UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BARDEMIRO TATIS PENA, PERSIO M. GOMEZ JIMENEZ,
JORGE LUIS GARCIA, AMBIORIS GARCIA, JORGE L.
VASQUES VARGAS, LUIS R. RODRIGUEZ, JOSE ACOSTA
GOMEZ, JOSE A. TATIS PENA, MELVIN JOSE PENA,
ROBIN A. PENA, JULIAN A. TAVAREZ, JOSE
RODRIGUEZ, ISIDORO A. GONZALEZ ALVAREZ,
SILVESTRE TATIS, LEONCIO HILARIO, DOMINGO
ANDRICKSON, ELIDO E. JIMENEZ PENA, and
EDWARD L. LAHOZ VARGA, on behalf of themselves
and all others similarly situated,

ECF CASE

Civil Action No: 09-cv-06004-HB

**CLASS ACTION
COMPLAINT**

Jury Trial Demanded

                              Plaintiffs,

-against-

NORTH PARK SPECIAL, LLC, EMPIRE SPECIAL
OF NEW YORK LLC C/O AMERITANIA HOTEL, EMPIRE,
BENTLEY, BERKELEY CARTERET, CONTINENTAL
BUSINESS CORPORATION, CHETRIT GROUP, LLC,
PLAZA OWNERS, INC., and FELA PODOLSKY,

                              Defendants.
-------------------------------------------------------------------X

## NATURE OF THE ACTION

1. Bardemiro Tatis Pena ("B. Pena"), Persio M. Gomez Jimenez ("P. Jimenez") Jorge Luis Garcia ("J. Garcia"), Ambioris Garcia ("A. Garcia"), Jorge Luis Vasquez Vargas ("J. Vargas"), Luis R. Rodriquez ("L. Rodriguez"), Jose Acosta Gomez ("J. Gomez"), Jose Tatis ("J. Pena"), Melvin Jose Pena ("M. Pena"), Robin Tatis Pena ("R. Pena"), Julian Tavarez ("J. Tavarez"), Jose Rodriguez ("J. Rodriguez"), Isidoro A. Gonzalez Alvarez ("I. Alvarez"), Silvestre Tatis ("S. Tatis"), Leoncio Hilario, Domingo Andrickson ("D. Andrickson"), and Elido E. Jimenez Pena, Edward L. Lahoz Varga ("E. Varga" or collectively, "Plaintiffs" or the "Class") bring this action on behalf of themselves and a class consisting of all individuals who are or were previously employed in by Defendants North Park Special, LLC ("North Park"), Empire Special of New York LLC c/o Ameritania Hotel ("Empire Special"), Empire, Bentley, Berkeley Carteret ("Berkley"),

Continental Business Corporation ("Continental"), Chetrit Group, LLC ("Chetrit"), Plaza Owners, Inc. ("Plaza"), and Fela Podolsky ("Poldolsky" collectively, "Defendants") in a position as commercial construction workers, or in a similarly situated position, during the period of three years prior to the filing of this Complaint and ending on the date of as determined by the Court (the "Class Period"), who were classified by Defendants as non-exempt, and/or who have been or may be subject to the challenged exemption classification policies and practices used by Defendants.

2. Upon information and belief, there are over eighteen current and former employees of Defendants that are similarly situated to Plaintiffs in that these individuals were employees who are entitled to but denied regular, and overtime compensation, prompt payment of amounts, and other compensation and working conditions that are prescribed by the Fair Labor and Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et. seq.* ("Minimum Wage Act"), and the "spread of hours" wage order of the New York Commission of Labor codified at N12 N.Y.C.R.R. § 142-2.2, 2.4 ("Spread of Hours Wage Order").

3. Although Defendants require the Class employees to work more than forty (40) hours a week and/or eight (8) hours in a workday and/or on the seventh day of a workweek, as a matter of policy and practice, Defendants consistently and uniformly deny the Class the required overtime compensation for the Class employees who worked in excess of forty (40) hours a week and/or eight (8) hours in a workday and/or on the seventh day of a workweek, which federal and state law requires.

4. In this action, Plaintiffs, on behalf of themselves and the Class, seek to recover all compensation that Defendants were required by law to provide, but failed to provide, to Plaintiffs and all other Class members.

5. Plaintiffs and the Class performed the same primary function, which constituted construction services and manual labor to assist in the day to day operation among Defendants' commercial property locationss. As a result, for the reasons set forth herein, their positions are non-exempt positions.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is proper under 28 U.S.C. § 1331, a federal question, and subject matter jurisdiction pursuant to 29 U.S.C. § 216 (b). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Plaintiffs were employed by Defendants in this district.

8. Defendants conducted and continue to conduct substantial and regular business in New York, throughout the United States, and are engaged in commerce within the meaning of the Fair Labor Standards Act by regularly and recurrently receiving or transmitting interstate communications.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

10. Plaintiff B. Pena is a resident of the State of New York, Bronx County.

11. Plaintiff P. Jimenez is a resident of the State of New York, Kings County.

12. Plaintiff J. Garcia is a resident of the State of New York, Kings County.

13. Plaintiff A. Garcia is a resident of the State of New York, New York County.

14. Plaintiff J. Vargas is a resident of the State of New York, Kings County.

15. Plaintiff L. Rodriguez is a resident of the State of New York, Kings County.

16. Plaintiff J. Gomez is a resident of the State of New York, Bronx County.

17. Plaintiff J. Pena is a resident of the State of New York, Kings County.

18. Plaintiff M. Pena is a resident of the State of New York, Kings County.

19. Plaintiff R. Pena is a resident of the State of New York, Bronx County.

20. Plaintiff J. Tavarez is a resident of the State of New York, Kings County.

21. Plaintiff J. Rodriguez is a resident of the State of New York, Kings County.

22. Plaintiff I. Alvarez is a resident of the State of New York, Bronx County.

23. Plaintiff S. Tatis is a resident of the State of New York, Bronx County.

24. Plaintiff L. Hilario is a resident of the State of New York, Kings County.

25. Plaintiff D. Andrickson is a resident of the State of New York, New York County.

26. Plaintiff E. Pena is a resident of the State of New Jersey, Passaic County.

27. Plaintiff. E. Varga is a resident of the State of New York, Bronx County.

28. Defendant North Park Special LLC ("North Park"), is a company organized and existing under the laws of the State of New York and conducts business at 225 Broadway, 39th Floor, New York, NY 10007.

29. Defendant Empire Special of New York LLC c/o Ameritania Hotel ("Empire Special"), is a company organized and existing under the laws of the State of New York and conducts business at 26 Broadway, 21st Floor, New York, NY 10004.

30. Upon information and belief, Defendant Empire is a company organized and existing under the laws of the State of New York and maintains a place of business at 44 West 63rd Street, New York, NY 10023.

31. Upon information and belief, Defendant Bentley is a company organized and existing

under the laws of the State of New York and maintains a place of business at 500 E.62nd Street, New York, NY 10021.

32. Upon information and belief, Defendant Berkeley, is a company organized and existing under the laws of the State of New York, conducts business in New York, and maintains a place of business at 1401 Ocean Avenue, Asbury Park, NJ 07712.

33. Defendant Continental is a corporation organized and existing under the laws of the State of New York and conducts business at 16 West 32nd Street, Ste. 502B, New York, NY 10001.

34. Upon information and belief, Defendant Chetrit is a company organized and existing under the laws of the State of New York and maintains a place of business at 404 Fifth Avenue, New York, NY 10018.

35. Defendant Plaza is a corporation organized and existing under the laws of the State of New York and maintains a place of business at 6910 Avenue U, Brooklyn, NY 11236.

36. Defendant Podolsky is an individual engaged in business in the State of New York and is being sued herein, individually and in his capacity as an owner and Chief Executive of Defendant Plaza. Upon information and belief, Defendants Podolsky as has the power to hire, fire, set wages, and maintain schedules of Plaintiffs and the Class employees.

37. Defendants are and at all relevant times mentioned herein were the agents, servants, and/or employees of each other defendant and each other defendant was acting within the course and/or scope of his, her or its authority as the agent, servant, and/or employee of each other Defendant. Consequently, all the Defendants are jointly and severally liable to the Plaintiffs and the Class, for the losses sustained as a proximate result of Defendants' conduct.

## **CLASS ACTION UNDER FLSA**

38. Plaintiffs bring this lawsuit as a collective action under FLSA, on behalf of all persons who were, are, or will be employed by Defendants as commercial construction workers, during the Class period, who regularly performed work at forty (40) hours in one week, but did not receive the proper regular rate of pay; and/or who worked in excess of forty (40) hours in one week, but did not receive the proper overtime compensation whether or not they were paid by commission, by salary, or by commission and part salary.

39. Questions of law and fact common to the Class as a whole, include but are not limited to the following:

    a. Whether Defendants failed to adequately compensate Plaintiffs and the members of the Class for regular and overtime hours worked as required by FLSA;

    b. Whether Defendants should be enjoined from continuing the unlawful practices regarding compensation for regular and overtime hours worked; and

    c. Whether Defendants are liable to Plaintiffs and the Class.

40. Plaintiffs and the Class are similarly situated, have substantially similar job requirements and "spread of hours" pay provisions, and are subject to Defendants' common and uniform policy and practice of failing to pay for all compensable hours of work and wages earned, and for failing to pay for all overtime compensation in violation of FLSA.

41. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), in that:

    d. The persons who comprise of the Class are so numerous that the

        joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    e.    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised herein are common to all the Class and will apply uniformly to every member of the Class.

    f.    The claims of the representative Plaintiffs are typical of the claims of each member of the Class, and sustained similar economic injuries and/or harm arising from Defendants' violations.

    g.    The representative Plaintiffs will fairly and adequately represent and protect the interest of the Class.

42. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class action in that without class certification, prosecution by individual members of the class will create the risk of bringing numerous individual actions that would be impractical for the Courts to adjudicate and/or adjudication results that are inconsistent and/or varying.

## **FACTUAL ALLEGATIONS**

43. Plaintiffs and other members of the Class worked as construction workers to perform manual labor and cleaning services for Defendants' commercial property businesses, primarily hotel companies.

44. Plaintiffs were employed by Defendants at separate intervals from in or around May 2004 to in or around September 2008.

45. Defendants had the power to supervise Plaintiffs, hire/fire Plaintiffs, control Plaintiffs' terms and conditions of employment, and determine the rate and method of Plaintiffs'

7

compensation.

46. From in or around 2004 and continuing through the present, Defendants paid Plaintiffs approximately half the compensation that Plaintiffs earned during a particular work week.

   a. By way of illustration, from August 8, 2008 to August 14, 2008, Plaintiff B. Pena worked six days during this particular work week, which amounts to approximately seven hundred and sixteen dollars ($716.00). However, Defendants paid Plaintiff B. Pena only $716.00 for the work he performed over a two-week period (the week ending August 7, 2008 **and** the week ending August 11, 2008), instead of the approximately one thousand four hundred and thirty two dollars ($1,432.00) that Plaintiff B. Pena earned.

47. In performing the conduct mentioned herein, Defendants did not pay Plaintiffs within "seven calendar days after the end of the week in which the wages are earned," and thus failed to pay Plaintiffs in a timely fashion, in violation of N.Y. Lab. Law § 191(1)(a)(i).

48. From in or around 2004 to the present, Defendants also required Plaintiffs and the Class to work in excess of eight (8) hours a work day and in excess of forty (40) hours a work week without paying Plaintiffs and the Class their overtime wages.

49. To date, Plaintiffs and the Class, have not received overtime compensation earned for the overtime hours worked in the previous three years since filing this Complaint.

50. In performing the conduct mentioned herein, Defendants intentionally, deliberately, and systematically engaged in recordkeeping violations and unfair labor practices including, but not limited to:

   h. Neglecting to maintain accurate records indicating the number of hours Plaintiffs, and members of the Class, worked each day and the

8

        total amount worked each week.

    i.    Failing to post notices on its premises with regard to employees' rights under FLSA and/or the procedures for filing a charge for violations of these federal and state rights.

51. Upon information and belief, Defendants failed to furnish Plaintiffs and the Class with a statement with "every payment of wages, listing gross wages, deductions and net wages," in violation of N.Y. Lab. Law. § 195.

52. Upon information and belief, Defendants made unauthorized deductions from Plaintiffs' and the Class employees' wages in violation of N.Y. Lab. Law § 193.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C.§201, *et. seq.*

### (By Plaintiffs and the Class Against All the Defendants)

53. Plaintiffs repeat and reallege paragraphs 1- 52 above.

54. Defendants are, and at all times relevant, engaged in communication, business, and transmission throughout the United States, and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b), are employers within the meaning of 29 U.S.C. §203(d), and constitute an enterprise under 29 U.S.C. §203(r).

55. At all times relevant to this action, Defendants had the power to hire and fire Plaintiffs and the Class, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

56. Defendants intentionally failed to pay Plaintiffs and the Class, the applicable minimum hourly rate in violation of 29 U.S.C. §§206(a) and 255(a) and overtime compensation at the rate of pay of one and a half times the regular rate of pay for each hour worked in

9

excess of forty hours in a workweek in violation of 29 U.S.C. §§207(a)(1)and 255(a).

57. Defendants failures were willful under 29 U.S.C. § 255.

58. As a result, Plaintiffs and the Class members are now suffering irreparable injury and monetary damages as a result of Defendants' FLSA violations, and will continue to do so unless and until the Court grants relief.

## SECOND CAUSE OF ACTION

### New York Labor Law

### (By Plaintiffs and the Class Against All the Defendants)

59. Plaintiffs repeat and reallege paragraphs 1- 58 above.

60. Defendants are, and at all times relevant, employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs and the Class, control terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

61. Defendants knowingly failed to pay Plaintiffs and the Class the applicable minimum hourly rate in violation of N.Y. Lab. Law §652(1), overtime compensation at the rate of pay overtime compensation at the rate of pay of one and a half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of N.Y. Lab. Law § 190 *et seq.* and in violation of supporting regulations of the New York State Department of Labor.

62. Defendants' failures were willful under N.Y. Lab. Law § 663.

63. As a result, Plaintiffs and the Class members are now suffering irreparable injury and monetary damages as a result of Defendants' violations to the N.Y. Lab. Law and will continue to do so unless and until the Court grants relief.

## THIRD CAUSE OF ACTION

### Spread of Hours Wage Order of the New York Commission of Labor

64. Plaintiffs repeat and reallege paragraphs 1- 63 above.

65. Defendants are, and at all times relevant, employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs and the Class, control terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment,

66. Defendants failed to pay Plaintiffs and the Class one additional hour of pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor.

67. Defendants' failures were willful under N.Y. Lab. Law § 663.

68. As a result, Plaintiffs and the Class members are now suffering irreparable injury and monetary damages as a result of Defendants' N.Y. Lab. Law violations, and will continue to do so unless and until the Court grants relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter a judgment:

(a)     declaring the acts and practices complained of herein are in violation of the FLSA and the N.Y. Lab. Law;

(b)     enjoining and permanently restraining these violations of the of the FLSA and the N.Y. Lab. Law;

(c)     directing Defendants to pay compensatory damages, according to proof at trial due Plaintiffs and the Class, including the amount of unpaid minimum and overtime wages under the FLSA, during the applicable Class period;

(d) awarding Plaintiff and the Class liquidated damages in an amount equal to the overtime wage orders pursuant to 29 U.S.C. § 216(b);

(e) requiring Defendants to provide an accounting of all hours worked, all wages, and all sums unlawfully withheld from compensation due to Plaintiffs and the Class;

(f) ordering an imposition of a constructive trust upon the assets of the Defendants to the extent of the sums due to Plaintiffs and the Class;

(g) awarding Plaintiff and the Class pre-judgment interest as is allowed by law;

(h) awarding Plaintiffs' their reasonable attorneys' fees and costs; and

(i) granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury.

Dated: June 30, 2009
New York, New York

_____
Allan Serrins (AS-4719)
*Attorneys for Plaintiffs*
The Woolworth Building
233 Broadway, Suite 1800
New York, New York 10279
(212) 384-0202
(212) 406-2313 [Facsimile]

ECF CASE

Civil Action No.: 09-cv-06004-HB

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BARDEMIRO TATIS PENA, PERSIO M. GOMEZ JIMENEZ,
JORGE LUIS GARCIA, AMBIORIS GARCIA, JORGE L.
VASQUES VARGAS, LUIS R. RODRIGUEZ, JOSE ACOSTA
GOMEZ, JOSE A. TATIS PENA, MELVIN JOSE PENA,
ROBIN A. PENA, JULIAN A. TAVAREZ, JOSE
RODRIGUEZ, ISIDOROO A. GONZALEZ ALVAREZ,
SILVESTRE TATIS, LEONCIO HILARIO, DOMINGO
ANDRICKSON, ELIDO E. JIMENEZ PENA, and EDWARD
L. LAHOZ VARGA on behalf of themselves and all others
similarly situated,

                                                       Plaintiffs,

      -against-

NORTH PARK SPECIAL, LLC, EMPIRE SPECIAL
OF NEW YORK LLC C/O AMERITANIA HOTEL, EMPIRE,
BENTLEY, BERKELEY CARTERET, CONTINENTAL
BUSINESS CORPORATION, CHETRIT GROUP, LLC,
PLAZA OWNERS, INC., and FELA PODOLSKY,

                                                       Defendants.
-----------------------------------------------------------------X

                                                      COMPLAINT